FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 JUN 10  P 4: 02

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| 3M COMPANY. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:11CV627 |
| | § | TSE/JFA |
| NAME.COM LLC, D/B/A PROTECTED DOMAIN SERVICES; DIRECTI INTERNET SOLUTIONS PVT. LTD., D/B/A PUBLICDOMAINREGISTRY.COM, AND D/B/A PRIVACYPROTECT.ORG; DOMAINS BY PROXY, INC.; WEB COMMERCE COMMUNICATIONS LIMITED D/B/A WEBNIC.CC; DOE NUMBER 1, A/K/A "MARCOS"; DOE NUMBER 2, A/K/A "3M SPECIALIST"; DOE NUMBER 3, A/K/A "LUCA TONI" A/K/A "LUCA TONY"; DOE NUMBER 4, A/K/A "KC"; DOE NUMBER 5, A/K/A "JOHN B. LESTRANGE"; DOE NUMBER 6, A/K/A "3MBKK"; DOE NUMBER 7, A/K/A "PATTANA_PP"; DOE NUMBER 8, A/K/A"ARTHRIT"; DOE NUMBER 9, A/K/A "WATTANA"; DOE NUMBER 10, A/K/A "HOON HOE LAU"; DOE NUMBER 11, A/K/A "SERGE SAPORTA" (each an Internet domain name registrant); | § § § § § § § § § § § § § § § § § § § § § § § | |
| and | § | |
| | § | |
| TIGGEE LLC D/B/A DNS MADE EASY; GODADDY.COM, INC.; SOFTLAYER TECHNOLOGIES, INC. D/B/A THEPLANET.COM; CAT TELECOM PUBLIC COMPANY LTD.; BLUEHOST INC.; ASIA NETCOM ASIA PACIFIC LTD, d/b/a PACNET; PROLEXIC TECHNOLOGIES, INC.; PANG INTERNATIONAL LIMITED (each an Internet website hosting service provider); | § § § § § § § § § § § § | |

11325 Random Hills Road. Suite 200, Fairfax, Virginia 22030
703.273.8897
703.273.8898

Cameron / McEvoy
PLLC

and                                                          §
                                                             §
MMMBET.NET; 168MMM.NET;                                      §
3M-ASIA.COM; 3M-                                             §
SPORTBETTING.COM; 3MBET.NET;                                 §
3MBETTH.COM; 3MBET-ONLINE.COM;                               §
3MBET-TH.COM; 3MBETTH.NET;                                   §
3MBET-TH.NET; 3MBETTHAI.COM;                                 §
3MBET-THAI.COM; 3MBETTHAI.NET;                               §
3MBET-THAI.NET; 3MBKK.COM;                                   §
3MINTER.COM; 3MINTER.NET;                                    §
3MSOCCER.COM; 3MSOCCER.NET; 3M-                              §
TH.COM; 3MTHAI.COM; 3M-                                      §
CASINO.COM; 3M-THAI.COM; 3M-                                 §
THAI.NET; 3MTHAI888.COM; 3M-                                 §
THAILAND.COM; 3MTHAILAND-                                    §
OFFICIAL.COM; MMM123.NET;                                    §
MMM333.NET; MMM456.NET;                                      §
MMM888.NET; MMM998.NET;                                      §
MMMTH.COM; MMM-TH.COM;                                       §
MMMTH.NET; MMM-TH.NET; MMM-                                  §
THAI.COM; MMMTHAI.NET; MMM-                                  §
THAI.NET; MMMWIN.NET;                                        §
THAI3M.COM; THAI3M.NET;                                      §
THAILAND3M.NET; THAIMMM.NET;                                 §
MMM2U.NET; AND                                               §
MMM789.NET,                                                  §
  (each an Internet domain name),                            §
                                                             §
                                                             §
               Defendants.                                   §

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898          703.273.8897

Cameron / McEvoy

**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION,
CYBERSQUATTING, UNFAIR COMPETITION, UNJUST ENRICHMENT,
CONTRIBUTORY INFRINGEMENT AND BUSINESS CONSPIRACY**

Plaintiff 3M Company ("3M"), appearing through its undersigned counsel, alleges as

follows:

## PARTIES

1.      3M is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

2.      3M is informed and believes, and on that basis alleges, that Defendant Name.com LLC, d/b/a Protected Domain Services ("Protected Domain Services"), is a Wyoming limited liability company with a principal place of business at 2500 East Second Avenue, Second Floor, Denver, Colorado 80206. Protected Domain Services is the registrant of the domain names 3m-th.com, 3m-thai.com, 3mthai.com, 3m-thai.net, mmmthai.net, mmm-thai.net, mmm-thai.com, mmm-th.net, mmm-th.com, mmmth.com, mmmth.net, 3mbet-thai.com, 3mbet-th.net, 3mbet-thai.net, 3mbetthai.com, 3mbetthai.net, 3mbet-th.com, 3mbetth.net, 3mbetth.com, and 3mthailand-official.com.

3.      3M is informed and believes, and on that basis alleges, that Defendant Directi Internet Solutions Pvt. Ltd., d/b/a Publicdomainregistry.com, and also d/b/a Privacyprotect.org ("Privacyprotect.org"), is an Indian private limited company with a principal place of business at 330 Link-Way Estate, Malad Link Road, Mumbai, Maharashtra 400069, India. Privacyprotect.org is the registrant of the domain names 3mbet-online.com and 3mthai888.com.

4.      3M is informed and believes, and on that basis alleges, that Defendant Web Commerce Communications Limited d/b/a Webnic.Cc, and also d/b/a Whoisprotection.cc ("WhoisProtection.cc") is a Malaysian company with a principal place of business at Lot 2-1, Incubator 1, Technology Park Malaysia, Bukit Jalil, Kuala Lumpur, Wilayah Persekutuan, Malaysia 57000. WhoisProtection.cc is the registrant of the domain name ssswin.com.

5.      3M is informed and believes, and on that basis alleges, that Defendant Domains by Proxy, Inc. ("Domains by Proxy") is an Arizona corporation with a principal place of

Cameron/McEvoy

business at 15111 North Hayden Road, Suite 160, PBM 353, Scottsdale, Arizona 85260. Domains by Proxy is the registrant of the domain name ssswin.net.

6.      3M is informed and believes, and on that basis alleges, that Defendant Does Number 1-11 are the owners and registrants for the domain names thaimmm.net, thailand3m.net, thai3m.net, thai3m.com, mmmbet.net, 168mmm.net, 3mbet.net, mmm123.net, mmm2u.net, mmm789.net, mmm888.net, mmm998.net, mmm333.net, mmmwin.net, 333456.net, 333365.net, mmm456.net, 3m-asia.com, 3m-thailand.com, 3m-sportbetting.com, 3msoccer.com, 3msoccer.net, 3minter.com 3minter.net, 3mbkk.com, 3mcasino.me, gclub-royal.com, ssswin.me, and 3m-casino.com. 3M believes that these registrants are the same person or are related, and although the Whois records for these domain names lists some contact information, 3M believes that most of the contact information is false or incomplete.

7.      The Defendants identified above in paragraphs 2-6 above are collectively referred to herein as the "Registrant Defendants." The domain names they own which include the terms "3m" or "mmm" are collectively referred to herein as the "Infringing Names." The Internet websites used in connection with gambling services that are or were located at all of the domain names identified above are collectively referred to herein as the "Infringing Websites."

8.      3M is informed and believes, and on that basis alleges, that Defendant Tiggee LLC d/b/a DNS Made Easy ("DNS") is a Virginia limited liability company with a principal place of business at 11490 Commerce Park Drive, Unit 140, Reston, Virginia 20191. DNS provides website hosting services and/or related services whereby DNS exercises control over the websites associated with the domain names mmmbet.net, 168mmm.net, 3mbet.net, mmm888.net, mmm998.net, mmm333.net, mmmwin.net, 333456.net, mmm456.net, mmm2u.net, mmm789.net, and 333365.net.

9.     3M is informed and believes, and on that basis alleges, that Defendant GoDaddy.com, Inc. ("GoDaddy") is an Arizona corporation with a principal place of business at 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260.  On information and belief, GoDaddy provides website hosting services for the domain names 3msoccer.com, 3msoccer.net, 3minter.com, 3minter.net, 168mmm.net, 333365.net, and 333456.net.

10.     3M is informed and believes, and on that basis alleges, that Defendant SoftLayer Technologies, Inc. d/b/a ThePlanet.com ("ThePlanet.com") is a Delaware corporation with a principal    place    of    business    at    835    Greens    Parkway    Suite    150 Houston, Texas 77067. ThePlanet.com provides website hosting services for the domain names ssswin.com and ssswin.net.

11.     3M is informed and believes, and on that basis alleges, that Defendant CAT Telecom Public Company Ltd. d/b/a CAT TELECOM Data Comm. Dept ("CAT Telecom") is a Thailand company with a principal place of business at 72 Charoenkrung Road, Bangrak, Bangkok, Thailand 10501.  CAT Telecom provides website hosting services for the domain names 3m-thai.com and ssswin.me.

12.     3M is informed and believes, and on that basis alleges, that Defendant Bluehost Inc. ("Bluehost") is a Utah Corporation with a principal place of business at 1958 South 950 East, Provo, Utah 84606.  Bluehost provides website hosting services for the domain names 3mthailand-official.com and gclub-royal.com.

13.     3M is informed and believes, and on that basis alleges, that Defendant Asia Netcom Asia Pacific Ltd. d/b/a Pacnet ("Pacnet") is a company with a principal place of business at 18/F, Cityplaza Three 14 Taikoo Wan Road, Taikoo Shing, Island East, Hong Kong, and United States offices at 435 Harriet Street, 2nd Floor, San Francisco, California 94103 and

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898    703.273.8897

Cameron/McEvoy

90 Broad Street, Suite 1903, New York, NY 10004. Pacnet provides website hosting services and/or related services whereby Pacnet exercises control over the website associated with the domain name mmm789.net.

14.    3M is informed and believes, and on that basis alleges, that Defendant Prolexic Technologies, Inc. ("Prolexic") is a Delaware corporation with a principal place of business at 1930 Harrison Street, Suite 403, Hollywood, Florida 33020. Prolexic provides website hosting services and/or related services whereby Prolexic exercises control over the websites associated with the domain names 3mbet.net, mmm2u.net, mmmbet.net, mmmwin.net, mmm123.net, and mmm888.net.

15.    3M is informed and believes, and on that basis alleges, that Defendant Pang International Limited ("Pang") is a company with a principal place of business at 2D Hung Hay Building, 1ˢᵗ Fa Yuen Street, Mong Kok, Hong Kong. Pang provides website hosting services and/or related services whereby Pang exercises control over the websites associated with the domain names mmm333.net and mmm998.net.

16.    The Defendants identified in paragraphs 8-15 above are collectively referred to herein as the "Hosting Service Defendants."

17.    The domain names mmmbet.net; 168mmm.net; 3m-asia.com; 3m-sportbetting.com; 3mbet.net; 3mbetth.com; 3mbet-online.com; 3mbet-th.com; 3mbetth.net; 3mbet-th.net; 3mbetthai.com; 3mbet-thai.com; 3mbetthai.net; 3mbet-thai.net; 3mbkk.com; 3minter.com; 3minter.net; 3msoccer.com; 3msoccer.net; 3m-th.com; 3mthai.com; 3m-casino.com; 3m-thai.com; 3m-thai.net; 3mthai888.com; 3m-thailand.com; 3mthailand-official.com; mmm123.net; mmm333.net; mmm456.net; mmm888.net; mmm998.net; mmmth.com; mmm-th.com; mmmth.net; mmm-th.net; mmm-thai.com; mmmthai.net; mmm-

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030   703.273.8898   703.273.8897

Cameron/McEvoy

thai.net; mmmwin.net; thai3m.com; thai3m.net; thailand3m.net; thaimmm.net; mmm2u.net; and mmm789.net, (collectively, the "Defendant Domain Names"), are all registered to the Registrant Defendants and appear on a registry of domain names owned and controlled by VeriSign, Inc., ("VeriSign") located at 21355 Ridgetop Circle, Dulles, Virginia 20166 or the Public Interest Registry, ("PIR") located at 1775 Wiehle Avenue, Suite 200, Reston, Virginia 20190. VeriSign and PIR are located within this judicial district.

## NATURE OF ACTION AND JURISDICTION

18.    This is an action for trademark infringement, dilution, cybersquatting, unfair competition, and contributory infringement under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and trademark infringement, unfair competition, unjust enrichment, and business conspiracy under Virginia law.

19.    This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; pursuant to Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338; and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

20.    The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and foreign states. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

21.    This Court has personal jurisdiction over the Registrant Defendants and the Hosting Service Defendants based on tortious acts they have committed at least in part in the Commonwealth of Virginia, and/or tortious acts they have committed outside the Commonwealth of Virginia which were directed at least in part toward residents of Virginia.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898      703.273.8897

Cameron/McEvoy

-7-

22.   Alternatively or in addition, this Court has personal jurisdiction over the foreign Registrant Defendants and the Hosting Service Defendants based on their national contacts with the United States, which are sufficient to justify the application of United States law and satisfy federal standards of forum selection.   Thus, exercising jurisdiction over these Defendants is consistent with the United States Constitution and laws, and proper under Fed. R. Civ. P. 4(k)(2).

23.   Alternatively, if 3M cannot obtain personal jurisdiction over any of the foreign Registrant Defendants and/or Hosting Service Defendants, this Court has *in rem* jurisdiction over the corresponding Defendant Domain Names under 15 U.S.C. § 1125(d)(2), because VeriSign or PIR is the registry for those domain names and VeriSign and PIR are located in this judicial district.

## FACTS

### A.   3M'S BUSINESS AND TRADEMARKS

24.   3M owns the mark and trade name 3M, as well as various other marks and names that include 3M (the "3M Mark").   3M commenced use of the 3M Mark in commerce which may lawfully be regulated by Congress at least as early as 1906.   Since that time, 3M has continuously used the 3M Mark in commerce.

25.   3M is one of the world's most diversified companies.   Over the years, 3M has expanded its use of the 3M Mark and presently offers more than 50,000 products and services in a wide variety of fields under the 3M Mark.

26.   3M offers touchscreen solutions which are used in applications in the casino gaming industry.   These casino gaming applications are found worldwide.   Such casino gaming applications include slot games, video card games, and multi-player table games.

27.    3M offers touchscreen solutions which are used in applications in the financial industry.  Such financial applications may include ATMs, trading room terminals, and in-bank systems.

28.    Over the years, 3M has also operated through a large number of other names and entities bearing the 3M Mark in connection with a wide variety of goods, services, and markets, such as 3M Export Sales, 3M Thailand Limited, 3M Automotive Industry Center, 3M Health Care, 3M Medical Products Group, 3M Document Systems, 3M Marine Trades Project, 3M Sound Products, 3M Life Sciences Sector, 3M Meeting Management Institute, and 3M Global Trading, Inc.

29.    For decades, 3M has also used the 3M Mark in connection with its charitable underwriting activities across the country through its 3M Foundation and in connection with the sponsorship of arts, education, healthcare, and environmental activities and causes.

30.    For many years, 3M has displayed the 3M Mark as a part of the following logo design displaying "3M" in red block Helvetica letters:



This logo is used in connection with almost every 3M product and service, and is displayed prominently on 3M's website at www.3m.com.

31.    3M has developed an enormous amount of goodwill in its 3M Mark and has established an excellent business reputation.  The 3M Mark is extremely well-known and respected by consumers.  The 3M Mark represents products indicative of 3M's commitment to providing high-quality, innovative products and services to consumers.

32.     The 3M Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

33.     As a result of the long use and promotion of the 3M Mark by 3M, the 3M Mark has become distinctive to designate 3M, to distinguish 3M and its products and services from those of other businesses, and to distinguish the source or origin of 3M's products and services. As a result of these efforts by 3M, the consuming public in Virginia and throughout the United States widely recognizes and associates the 3M Mark with 3M and its diverse offering of products and services.

34.     The 3M Mark is famous throughout the United States, including in Virginia, and became famous long before Defendants' activities complained of herein.

35.     The 3M Mark is widely recognized by the general consuming public of the United States as a designation of source of 3M's goods and services.

36.     As a result of 3M's long use and promotion of the 3M Mark in Virginia and elsewhere, 3M has acquired valuable common law rights in the 3M Mark.

37.     In accordance with federal law, 3M has registered the 3M Mark on the Principal Register of the United States Patent and Trademark Office.   3M now owns hundreds of U.S. registrations for the 3M Mark for numerous products and services.   3M's registrations for the 3M Mark include the following registrations:

| MARK | REG. NUMBER | GOODS |
|---|---|---|
| 3M | 405,413 | (Int'l Class: 1) Adhesive Cements. |
| 3M | 561,157 | (Int'l Class: 3) Coated abrasives. |
| **3M** | 587,909 | (Int'l Class: 21) Polishing sheet or strip material (frequently sold in the form of endless belts) comprising a flexible backing upon which is bonded a layer of resilient particles |

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898        703.273.8897

Cameron/McEvoy

-10-

| | | |
|---|---|---|
| **3M COMPANY** | 612,848 | (Int'l Class: 17) Masking tape, cellophane tape, acetate fiber tape, and other pressure-sensitive adhesive tapes |
| **3M** | 700,268 | (Int'l Class: 1, 17) Light reflective materials in sheet, strip, and liquid form |
| 3M | 766,144 | (Int'l Class: 1)  Primer for adhesives. |
| **3M** | 793,456 | (Int'l Class: 10) Dental restorative materials |
| **3M** | 887,227 | (Int'l Class: 5) Medical cold pack |
| **3M** | 893,544 | (Int'l Class: 6) Thin metallic strips for concealment in books or periodicals |
| **3M** | 901,982 | (Int'l Class: 3) Abrasive wheels |
| **3M** | 906,050 | (Int'l Class: 22) Synthetic fibers embedded in a resinous backing and sold in the form of sheets, discs, strips or continuous rolls, for general use in the industrial arts |
| 3M | 985,125 | (Int'l Class: 10) Orthoptic eye patch |
| **3M** | 1,042,074 | (Int'l Class: 3) Soap pads |
| **3M** | 1,361,367 | (Int'l Class: 5) Culture media for use in biological laboratories |
| **3M** | 1,398,525 | (Int'l Class: 17) Plastic film used for making labels |
| **3M** | 1,410,228 | (Int'l Class: 9) Protective equipment-namely, disposable hoods and breathing tubes for supplying fresh air to painters during spray painting of vehicles |
| **3M** | 1,416,082 | (Int'l Class: 26) Bows made from decorative ribbon |
| **3M** | 1,426,563 | (Int'l Class: 17) Adhesive masking tape |
| **3M** | 1,434,585 | (Int'l Class: 9) Electrical connectors |
| **3M** | 1,445,795 | (Int'l Class: 1) Small ceramic shperes for industrial use as a filler |

| | | |
|---|---|---|
| **3M** | 1,467,108 | (Int'l Class: 9) Prerecorded video tapes |
| **3M** | 1,475,808 | (Int'l Class: 9) Electromechanical control units for diluting and dispensing cleaning chemicals for use in the custodial market and units for preventing backflow to the water source therefrom |
| **3M** | 1,492,238 | (Int'l Class: 17) Reinforcing materials, not of metal, for use on electrical and communications cable |
| **3M** | 1,531,747 | (Int'l Class: 9) Fabric woven from ceramic fibers for use as a high temperature resistant textile in the aerospace and other industries |
| **3M** | 1,540,295 | (Int'l Class: 9) Optical fiber splicing kits, comprising an assembly tool and a module for holding the splice fibers together |
| 3M | 1,550,833 | (Int'l Class: 9) Connectors for electrical and communications wires for use in the telephone industry. |
| **3M** | 1,584,213 | (Int'l Class: 1) Fire extinguishing compositions |
| **3M** | 1,584,310 | (Int'l Class: 5) Teat dip for use as a protective barrier on the teats of dairy cows to keep common bacterial organisms known to cause mastitis from entering the teat canal |
| **3M** | 1,611,779 | (Int'l Class: 1) Adhesive coated plastic film for use in the printing industry for attaching printing plates to printing machines |
| 3M | 1,717,559 | (Int'l Class: 8) hand held tool; namely, a dispenser for adhesive tape used in the construction industry. |
| **3M** | 1,831,027 | (Int'l Class: 5) House mark for pharmaceuticals for the treatment of angina, arrhythmia, asthma, rheumatoid arthritis and osteoarthritis, acid indigestion and heartburn, inflammation, pain, muscle tenseness, food craving, metal poisoning and urinary septicemia |
| **3M** | 1,958,973 | (Int'l Class: 3) Carpet cleaning preparations |
| 3M | 1,958,974 | (Int'l Class: 3) Carpet cleaning preparations |
| 3M | 1,959,107 | (Int'l Class: 4) Dust control spray and dust laying and absorbing compositions for use on spray booth walls for use in the automotive industry. |

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898 · 703.273.8897

Cameron / McEvoy PLLC

| | | |
|---|---|---|
| **3M** | 1,997,394 | (Int'l Class: 17) Plastic sheet materials and laminations thereof to plastic for use in manufacturing limited use garments |
| 3M | 1025128 | (Int'l Class: 16) Disposal wipes not impregnated with chemicals or compounds. |
| 3M | 2,063,090 | (Int'l Class: 9) Computer mouse pads. |
| **3M** | 2,072,006 | (Int'l Class: 3) Preparations for cleaning, polishing, glazing, waxing, restoring or preserving finished surfaces of motorized vehicles; rubbing compound, gloss enhancer, plastic, chrome and metal polish, plastic cleaner, vinyl cleaner and restorer, tire and wheel cleaner, tire dressing for motorized vehicles |
| **3M** | 2,829,934 | (Int'l Class: 5) Insect repellent<br>(Int'l Class: 8) Fishing hand tools, namely, cutters, clamps [ and pliers ]<br>(Int'l Class: 28) Fishing tackle, equipment and accessories; namely, fly lines, leaders, tippets, reels, fly boxes, fishing poles and rods; [ fly tying tools and materials, namely, feathers, furs, tinsels, yarn, chenille and magnifiers; fishing bags, creels, ] cases and wallets, [ rod holders, ] rod and reel cases, reel pouches; [ full line of fishing flies; ] and golf gloves<br>(Int'l Class: 38) Pre-recorded audio and video cassettes, discs, tapes and films featuring instruction and information about fishing |
| 3M | 3,208,474 | (Int'l Class: 40) Manufacturer of transdermal patches containing pharmaceutical preparations to the order and specification of others |
| **3M** | 3,457,691 | (Int'l Class: 14) Clocks |

These registrations are valid and subsisting, and many are incontestable pursuant to 15 U.S.C.

§ 1065.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898    703.273.8897

Cameron/McEvoy

## B.    DEFENDANTS' ACTIVITIES

38.    Registrant Defendants own and operate online gambling websites.[1]  Registrant Defendants promote their online gambling activities using an identical or highly similar copy of the 3M Mark (the "Infringing Mark"). On information and belief, Registrant Defendants own and control the Infringing Websites which are associated with the domain names they own.

39.    On information and belief, all or most of the Registrant Defendants are the same or closely affiliated because they all display or have displayed the same or highly similar websites that display the Infringing Mark, and many of these websites redirect or link to each other.[2]

40.    On information and belief, the domain name mmmbet.net and its corresponding website is the cornerstone of Defendants' infringing activity.  Many of the other Infringing Names and Websites are or were connected or related to mmmbet.net in some way.  For example, the domain name mmmbet.net is used for a website which displays the Infringing Mark in the top left hand corner, and the website tab states, "Welcome to MMMBET.NET."  The Infringing Mark graphic on this website is dynamic, as the entire Infringing Mark gets smaller and then larger again.  By comparison, the domain name 3msoccer.com, which is owned in the name of a different registrant, is used for a similar website which displays a similar dynamic Infringing Mark.[3]  Like the site at www.mmmbet.net, the website tab at 3msoccer.com states "Welcome to MMMBET.NET."  Similarly, the other Infringing Names display or have displayed similar websites and/or graphics or logos to those displayed at www.mmmbet.net.  In

---

[1] Some of the websites have been removed by hosting services or otherwise, and some of the domain names included herein are not used for gambling websites but are owned by common registrants and include gambling terms in the name along with the 3M or MMM name.
[2] Or did so before the content was removed by hosting services or otherwise.
[3] These Infringing Marks used to be identical; however, the image on MMMBET.NET changed slightly after 3M's attorneys sent cease and desist letters to the registrant and hosting service.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898    703.273.8897

Cameron/McEvoy
PLLC

addition, when a consumer attempts to create an account with a number of the Infringing Websites, he or she will be directed to contact information associated with the website www.mmmbet.net.

41.     In addition to using the Infringing Mark, Registrant Defendants have registered and are using Infringing Names which are identical or confusingly similar to the 3M Mark. These Infringing Names are or have been used in connection with Infringing Websites.

42.     Registrant Defendants are not affiliated with or sponsored by 3M and have not been authorized by 3M to use the 3M Mark or any confusingly similar mark.

43.     Registrant Defendants began using the Infringing Mark and registered and used the Infringing Names long after the 3M Mark became famous.

44.     3M has notified Registrant Defendants of 3M's rights and demands, and Registrant Defendants have ignored or rejected 3M's demands.[4]   Despite 3M's attempts to resolve this matter amicably, Registrant Defendants continue to use the Infringing Mark, Infringing Names, and/or Infringing Websites in blatant disregard of 3M's trademark rights.

45.     Although some of the Infringing Websites have been removed by hosting service providers or otherwise, the Infringing Names are still owned and controlled by the Registrant Defendants.   3M believes that Registrant Defendants may again use the Infringing Names to display the Infringing Mark and/or to otherwise infringe and dilute the 3M Mark.

46.     On information and belief, Hosting Service Defendants provide Internet hosting services to Registrant Defendants in connection with Registrant Defendants' wrongful activities described above, or otherwise have control over the Infringing Websites.

47.     3M has notified Hosting Service Defendants of Registrant Defendants' wrongful acts, and of 3M's rights and demands.  Hosting Service Defendants have ignored or refused to

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030     703.273.8898     703.273.8897

CAMERON / McEVOY

comply with 3M's demands.[5]  Despite 3M's attempts to resolve this matter amicably, Hosting Service Defendants continue to host the Infringing Websites in blatant disregard of 3M's trademark rights.

## C.   DEFENDANTS' CONTACTS WITH THE UNITED STATES

48.   The Registrant Defendants and Hosting Service Defendants are either located in the United States, use registrars located in the United States, use privacy services located in the United States, use hosting service providers in the United States, and/or their gambling services offered on the Infringing Websites are directed at least in part towards United States citizens.

49.   United States citizens are able to open online gambling accounts through the Infringing Websites or websites to which the Infringing Websites redirect or are otherwise connected.[6]

## D.   EFFECT OF DEFENDANTS' ACTIVITIES

50.   Defendants' unauthorized use of the Infringing Mark and Infringing Names is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with 3M, or as to the origin, sponsorship, or approval of Defendants' Infringing Websites, products, and/or services by 3M.

51.   Defendants' unauthorized use of the Infringing Mark and Infringing Names falsely designates the origin of their Infringing Websites, products, and/or services, and falsely and misleadingly describes and represents facts with respect to Defendants and their Infringing Websites, products, and/or services.

---

[4] Or such demands were thwarted due to false contact information in the Whois records.
[5] Many hosting services to which 3M sent cease and desist letters complied and ceased providing services as requested. Those hosting services are not named as defendants here.
[6] Or were, when such sites were up.

-16-

52.     Defendants' unauthorized use of the Infringing Mark and Infringing Names enables them to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for their Infringing Websites, products, and/or services not solely on their own merits, but on the reputation and goodwill of 3M, its 3M Mark, and its products and services.

53.     Defendants' unauthorized use of the Infringing Mark and Infringing Names is likely to cause dilution by blurring and dilution by tarnishment of 3M's famous 3M Mark.

54.     Defendants' unauthorized use of the Infringing Mark and Infringing Names unjustly enriches them at 3M's expense.

55.     Defendants' unauthorized use of the Infringing Mark and Infringing Names removes from 3M the ability to control the nature and quality of products and services provided under the 3M Mark and places the valuable reputation and goodwill of 3M in the hands of Defendants, over whom 3M has no control.

56.     With actual notice of Registrant Defendants' unlawful activities, Hosting Service Defendants continue to provide hosting services and/or related services to Registrant Defendants for their Infringing Websites, facilitating their wrongful acts.  Hosting Service Defendants are contributorily liable for the wrongful acts of Registrant Defendants.

57.     Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

58.     3M repeats the allegations above as if fully set forth herein.

59.     The acts of Defendants complained of herein constitute infringement of the federally registered 3M Mark in violation of 15 U.S.C. § 1114(1).

60.     Defendants' acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of 3M's rights in the 3M Mark, and with intent to cause confusion and to trade on 3M's vast goodwill in the 3M Mark. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL DILUTION

61.     3M repeats the allegations above as if fully set forth herein.

62.     Defendants' use in commerce of the Infringing Mark and Infringing Names is likely to cause dilution by blurring and/or dilution by tarnishment of the famous 3M Mark in violation of 15 U.S.C. § 1125(c).

63.     Defendants willfully intended to trade on the recognition of the famous 3M Mark, and/or to harm the reputation of the famous 3M Mark.

## COUNT III: FEDERAL UNFAIR COMPETITION

64.     3M repeats the allegations above as if fully set forth herein.

65.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV: CYBERSQUATTING

66.     3M repeats the allegations above as if fully set forth herein.

67.     The 3M Mark was famous long prior to Defendants' registration of the Infringing Names.

68.     The Infringing Names are confusingly similar to and dilutive of the 3M Mark.

-18-

69.     Defendants registered and use the Infringing Names with a bad faith intent to profit from the famous 3M Mark.

70.     The acts of Defendants complained of herein constitute cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

## COUNT V: COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT

71.     3M repeats the allegations above as if fully set forth herein.

72.     The acts of each of the Defendants complained of herein constitute trademark and trade name infringement in violation of the common law of the State of Virginia, directly and proximately resulting in damages per wrongful act in an amount to be shown at trial, but not less than $75,000, exclusive of interests and costs.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

73.     3M repeats the allegations above as if fully set forth herein.

74.     The acts of each of the Defendants complained of herein constitute unfair competition in violation of the common law of the State of Virginia, directly and proximately resulting in damages per wrongful act in an amount to be shown at trial, but not less than $75,000, exclusive of interests and costs.

## COUNT VII: UNJUST ENRICHMENT

75.     3M repeats the allegations above as if fully set forth herein.

76.     As a result of the acts of each of the Defendants complained of herein, Defendants have misappropriated benefits for themselves which would be inequitable for them to keep without compensation to 3M.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030    703.273.8897    703.273.8898

Cameron/McEvoy

77.     As a direct and proximate result of Defendants' unjust enrichment, 3M has been damaged in an amount to be shown at trial, but not less than $75,000, exclusive of interest and costs.

## COUNT VIII:  VIRGINIA BUSINESS CONSPIRACY STATUTE

78.     3M repeats the allegations above as if fully set forth herein.

79.     Registrant Defendants and Hosting Service Defendants attempted to and did combine, associate, agree, mutually undertake and act in concert with other persons for the purpose of infringing or diluting the 3M Mark.

80.      These actions were willful and malicious and were designed to injure 3M in its reputation, trade, business or profession in violation of Va. Code §18.2-499 *et. seq.*

81.     As a direct and proximate result, 3M has been injured in an amount to be shown at trial, but not less than $75,000 exclusive of interests and costs, and is entitled to recover treble damages and reasonable attorney's fees.  In addition, 3M is entitled to an injunction prohibiting Registrant Defendants and Hosting Service Defendants and any persons or entities acting in concert with them from further use of the Infringing Mark or the Infringing Names.

## COUNT IX: CONTRIBUTORY LIABILITY

82.     3M repeats the allegations above as if fully set forth herein.

83.     Hosting Service Defendants continued to supply hosting services and/or related services to its customers when it knew or had reason to know that its customers were using the hosting services to violate 3M's rights.

84.     Hosting Service Defendants are contributorily liable for the Registrant Defendants' violations of 3M's rights on the Infringing Websites.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898      703.273.8897

Cameron/McEvoy

## DEMAND FOR RELIEF

**WHEREFORE,** 3M demands that:

(a)    Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained from using the mark 3M, the Infringing Mark, the Infringing Names, and any other mark or domain name that is confusingly similar to or likely to cause dilution of the 3M Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b)    Defendants be ordered to transfer the Infringing Names to 3M, and that Defendants take all steps necessary to effect such transfer, or in the alternative, the Court order the Defendant Domain Names to be transferred to 3M;

(c)    Defendants be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d)    3M recover all damages it has sustained as a result of Defendants' activities and that said damages be trebled;

(e)    An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(f)    3M recover an award of statutory damages in the amount of $100,000 per Infringing Name, as provided in 15 U.S.C. § 1117(d);

(g)    3M recover its reasonable attorney fees;

(h)     3M recover its costs of this action and prejudgment and post-judgment interest;

and

(i)     3M recover such other relief as the Court may deem appropriate.

## JURY DEMAND

3M demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED: June 10, 2011.                    Respectfully submitted,

Timothy J. McEvoy, VSB No. 33277
Sean Patrick Roche, VSB No. 71412
CAMERON McEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 460-9341 (Direct)
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
sroche@cameronmcevoy.com


William G. Barber, Esquire
(*Pro Hac Vice* Application to be filed)
Wendy C. Larson, Esquire
(*Pro Hac Vice* Application to be filed)
PirkeyBarber LLP
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (Facsimile)
bbarber@pirkeybarber.com
wlarson@pirkeybarber.com

ATTORNEYS FOR PLAINTIFF
3M COMPANY

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030        703.273.8898        703.273.8897

Cameron / McEvoy

-22-