IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| 3M COMPANY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11cv627 |
| ) | |
| DIRECTI INTERNET SOLUTIONS ) | |
| PVT. LTD., d/b/a ) | |
| PUBLICDOMAINREGISTRY.COM ) | |
| d/b/a PRIVACYPROTECT.ORG, *et al.*, ) | |
| Defendants. ) | |

## AMENDED FINAL ORDER AND JUDGMENT AS TO DEFENDANTS KC, JOHN B. LESTRANGE, 3MBKK, WATTANA, MS, THARINEE PINIDRAK, AND ARTHIT

This matter is before the Court on the Magistrate Judge's Report and Recommendation regarding the motion for default judgment of plaintiff 3M Company ("3M"). *See 3M Co. v. Directi Internet Solutions Pvt.*, No. 1:11cv627 (E.D. Va. Jan 9, 2012) (Doc. 121) ("R&R"). In his Report and Recommendation, which was issued on January 9, 2012, the Magistrate Judge concluded 3M is entitled to a default judgment against seven defendants who 3M alleges, *inter alia*, engaged in cybersquatting and trademark infringement. In particular, after concluding that personal jurisdiction may be exercised over each of these defendants and that venue is proper, the Magistrate Judge recommended entry of a default judgment that (i) directs transfer of registration over the complained-of domain names to 3M and (ii) awards statutory damages, reasonable attorney's fees, and costs. The seven defendants against whom the Magistrate Judge recommends entry of default judgment are: KC, John B. LeStrange, 3MBKK, Wattana, MS, Tharinee Pinidrak, and Arthit.

In his Report and Recommendation, the Magistrate Judge advised the parties that any objections must be filed "within fourteen (14) days after being served with a copy of the

proposed findings of fact and recommendations[.]" R&R at 28. *Accord* Rule 72(b)(2), Fed. R. Civ. P. (providing that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). Pursuant to the Magistrate Judge's ruling, 3M served the Report and Recommendation on all seven defendants via email on January 10, 2012 and advised the Court that service had been so effected. (*See* Doc. 123). Accordingly, the time period during which these defendants were permitted to file written objections was extended from fourteen to seventeen days after service by email. *See* Rule 6(d), Fed. R. Civ. P. Thus, these defendants had until January 27, 2012 to file objections to the Report and Recommendation. No defendant filed objections on or before that date.

Based on an independent *de novo* review of the record, the Magistrate Judge's findings of fact and conclusions of law as set forth in his Report and Recommendation are adopted in full. Moreover, pursuant to the Order of even date, this Amended Final Order and Judgment includes additional relief under 15 U.S.C. § 1125(d)(1)(C), as well as an award of costs and attorney's fees in sum-certain amounts against each of the seven email-service defendants.

For these reasons, and for good cause,

It is hereby **ORDERED** that the findings and conclusions of the Magistrate Judge's Report and Recommendation (Doc. 121) are **ADOPTED.**

It is further **ORDERED** that 3M's motion for default judgment (Doc. 110) is **GRANTED.**

It is further **ORDERED** that defendants KC, John B. LeStrange, 3MBKK, Wattana, MS, Tharinee Pinidrak, and Arthit, along with their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of these defendants who

receive actual notice of this judgment, are **PERMANENTLY ENJOINED** from using the 3M trademark, as well as any other mark or name that includes 3M or any other mark confusingly similar to or diluting the 3M trademark.

It is further **ORDERED** that pursuant to 15 U.S.C. § 1125(d)(1)(C), the following domain names must be transferred to plaintiff 3M: mmmbet.net, 168mmm.net, 3mbet.net, mmm888.net, mmm998.net, mmm333.net, mmmwin.net, mmm456.net, mmm123.net, mmm2u.net, mmm789.net, mmm198.net, m3bet.net, m3bets.net, m3online.net, 3msoccer.com, 3msoccer.net, 3minter.com, 3minter.net, mmmbet.asia, 3mbkk.com, 3m-asia.com, 3m-thailand.com, 3m-sportbetting.com, and 3mthailand-official.com.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment pursuant to Rules 55 and 58, Fed. R. Civ. P. in favor of plaintiff 3M and against defendant KC in the amount of $223,466.78, which includes $215,000 in statutory damages, $781.30 in costs, and $7,685.48 in attorney's fees. It is further **ORDERED** that defendant KC is **DIRECTED** to take all necessary steps to have the registrations for the following domain names transferred to plaintiff: mmmbet.net, 168mmm.net, 3mbet.net, mmm888.net, mmm998.net, mmm333.net, mmmwin.net, mmm456.net, mmm123.net, mmm2u.net, mmm789.net, 333456.net, mmm198.net, m3bet.net, m3bets.net, m3online.net, and 333365.net.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment pursuant to Rules 55 and 58, Fed. R. Civ. P. in favor of plaintiff 3M and against defendant John B. LeStrange in the amount of $58,466.79, which includes $50,000 in statutory damages, $781.30 in costs, and $7,685.48 in attorney's fees. It is further **ORDERED** that defendant John B. LeStrange is **DIRECTED** to take all necessary steps to have the registrations for the following

domain names transferred to plaintiff: 3msoccer.com, 3msoccer.net, 3minter.com, 3minter.net, and mmmbet.asia.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment pursuant to Rules 55 and 58, Fed. R. Civ. P. in favor of plaintiff 3M and against defendant 3MBKK in the amount of $18,466.78, which includes $10,000 in statutory damages, $781.30 in costs, and $7,685.48 in attorney's fees. It is further **ORDERED** that defendant 3MBKK is **DIRECTED** to take all necessary steps to have the registration for the 3mbkk.com domain name transferred to plaintiff.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment pursuant to Rules 55 and 58, Fed. R. Civ. P. in favor of plaintiff 3M and against defendant Wattana in the amount of $38,466.78, which includes $30,000 in statutory damages, $781.30 in costs, and $7,685.48 in attorney's fees. It is further **ORDERED** that defendant Wattana is **DIRECTED** to take all necessary steps to have the registrations for the following domain names transferred to plaintiff: 3m-asia.com, 3m-thailand.com, and 3m-sportbetting.com.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment pursuant to Rules 55 and 58, Fed. R. Civ. P. in favor of plaintiff 3M and against defendant Tharinee Pinidrak in the amount of $18,466.78, which includes $10,000 in statutory damages, $781.30 in costs, and $7,685.48 in attorney's fees. It is further **ORDERED** that defendant Tharinee Pinidrak is **DIRECTED** to take all necessary steps to have the registration for the 3mthailand-official.com domain name transferred to plaintiff.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment pursuant to Rules 55 and 58, Fed. R. Civ. P. in favor of plaintiff 3M and against defendant MS in the amount of $18,466.78, which includes $10,000 in statutory damages, $781.30 in costs, and $7,685.48 in

attorney's fees. It is further **ORDERED** that defendant MS is **DIRECTED** to take all necessary steps to have the registration for the ssswin.com domain name transferred to plaintiff.

It is further **ORDERED** that the Clerk is **DIRECTED** to enter judgment pursuant to Rules 55 and 58, Fed. R. Civ. P. in favor of plaintiff 3M and against defendant Arthit in the amount of $18,466.78, which includes $10,000 in statutory damages, $781.30 in costs, and $7,685.48 in attorney's fees. It is further **ORDERED** that defendant Arthit is **DIRECTED** to take all necessary steps to have the registration for the ssswin.me domain name transferred to plaintiff.

The Clerk is directed to send a copy of this Amended Order and Judgment to all counsel of record.

Alexandria, Virginia
May 3, 2012

_____
T. S. Ellis, III
United States District Judge